IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NOBLE DRILLING HOLDING, L.L.C., | § | |
| | § | |
| Defendant Below-<br>Appellant, | § | No. 208, 2017 |
| | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| DAVID CARNES, | § | |
| | § | C.A. No. N15C-11-182 |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: June 13, 2017
Decided:   June 19, 2017

Before **STRINE**, Chief Justice, **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 19th day of June 2017, upon consideration of the notice of interlocutory appeal and the supplemental notice of interlocutory appeal, it appears to the Court that:

(1)    The defendant-appellant, Noble Drilling Holding, LLC ("Noble Drilling"), is a Delaware corporation. Noble Drilling has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a memorandum opinion of the Superior Court dated April 27, 2017 ("the Memorandum Opinion"). The Memorandum Opinion denied Noble Drilling's motion to dismiss or motion for judgment on the pleadings, finding that the complaint alleged sufficient facts to invoke the Superior Court's maritime jurisdiction under traditional admiralty

principles and, alternatively, that whether the court had jurisdiction under the Admiralty Extension Act required resolution of factual issues that were inappropriate on a motion to dismiss or motion for judgment on the pleadings.

(2)     Noble Drilling filed an application for certification to take an interlocutory appeal of the Memorandum Opinion in the Superior Court on May 8, 2017.  The plaintiff-appellee, David Carnes, filed his response in opposition on May 18, 2017.

(3)     The Superior Court denied the certification application on June 6, 2017. In denying certification, the Superior Court noted that the Memorandum Opinion did not, as Noble Drilling argued, sustain the trial court's controverted jurisdiction, but instead had rejected Noble Drilling's argument that the complaint failed to state a claim.   Even if the Memorandum Opinion had sustained the trial court's controverted jurisdiction, the Superior Court held that certification was not warranted because the case is not exceptional, and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

(4)     We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.  In the exercise of its discretion, this Court has concluded that the application

for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice